**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1478

PAUL ROLF JENSEN,

Plaintiff - Appellant,

versus

LARRY KLAYMAN, a/k/a Larry E. Klayman, A
candidate for the United States Senate from
Florida

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. T. S. Ellis, III, District
Judge. (CA-03-1600-A)

Submitted: October 1, 2004      Decided: November 19, 2004

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul Rolf Jensen, Appellant Pro Se. Joseph Ray Price, ARENT FOX,
P.L.L.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Rolf Jensen appeals the district court's order granting the Defendant's motion to dismiss his civil action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, or in the alternative, under Fed. R. Civ. P. 12(b)(1), because of the parties' agreement to arbitrate the dispute in Florida. Jensen asserts the district court erred in determining he failed to make a prima facie showing of personal jurisdiction over the Defendant, in finding his claims were subject to an arbitration agreement, and in failing to sua sponte transfer his case to the Southern District of Florida. Because we find no reversible error, we affirm.

When personal jurisdiction is challenged under Rule 12(b)(2), the jurisdictional question is resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993). When a district court rules on a pretrial personal jurisdiction motion without conducting an evidentiary hearing, we review the facts in the light most favorable to the plaintiff and determine de novo whether he has made a prima facie showing of personal jurisdiction. Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004). To establish personal jurisdiction over a nonresident defendant through a state long arm statute, a court must first determine that jurisdiction is authorized by state law; if so, the court must next decide whether

- 2 -

exercising personal jurisdiction would be consistent with due process. Id. (citations omitted).

Virginia's long arm statute extends personal jurisdiction to the limits allowed by due process. Id. (citations omitted). Thus, our statutory inquiry merges with our constitutional inquiry. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396-97 (4th Cir. 2003). A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum, such that to require the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "A defendant should be able to anticipate being sued in a court that can exercise personal jurisdiction over him; thus, to justify an exercise of jurisdiction, a defendant's actions must have been 'directed at the forum state in more than a random, fortuitous, or attenuated way.'" Mitrano, 377 F.3d at 407 (citing ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997)).

The standard for determining the existence of personal jurisdiction over a nonresident defendant varies, depending on whether the defendant's contacts with the forum state also provide a basis for the suit. Carefirst of Md., 334 F.3d at 397. If those contacts form the basis for the suit, they may establish "specific

- 3 -

jurisdiction." Id. In determining whether specific jurisdiction exists, the court considers (1) the extent to which the defendant has purposefully availed himself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. Id. "If, however, the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the state." Id. To establish general jurisdiction, the defendant's activities in the state must have been "continuous and systematic," a more demanding standard than is necessary for establishing specific jurisdiction. ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002) (citations omitted). Our review of the record convinces us that Jensen failed to make the requisite prima facie showing of personal jurisdiction.

We also agree with the district court that this dispute is subject to an arbitration agreement between the parties. Because the examination of the scope of an arbitration agreement is primarily a task of contract interpretation, we review a district court's determination of the arbitrability of a dispute de novo. Cara's Notions v. Hallmark Cards, 140 F.3d 566, 569 (4th Cir. 1998). In applying state-law contract interpretation principles,

due regard is given to federal policy favoring arbitration, and ambiguities are resolved in favor of arbitration. <u>Id.</u> An agreement to arbitrate in a particular place "is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." <u>Scherk v. Alberto-Culver Co.</u>, 417 U.S. 506, 519 (1974). Since its decision in <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972), "the Supreme Court has consistently accorded choice of forum and choice of law provisions presumptive validity." <u>Allen v. Lloyd's of London</u>, 94 F.3d 923, 928 (4th Cir. 1996) (citations omitted). We find the district court correctly determined Jensen's claims were covered by an agreement to arbitrate in Florida.

Finally, Jensen claims the district court erred in failing to sua sponte transfer this case to the Southern District of Florida under 28 U.S.C. § 1631 (2000) once the court determined that it lacked personal jurisdiction over the Defendant. First, we note that Jensen waived this claim by failing to raise it in the district court. <u>See</u> <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993). Moreover, the district court did not plainly err in failing to transfer the case, since the parties agreed to arbitration and Jensen did not establish that a transfer to a district court in Florida would be in the interest of justice. <u>See</u> 28 U.S.C. § 1631.

- 5 -

Accordingly, we affirm the judgment of the district court. We grant Appellee's unopposed motions for leave to file transcripts with his brief and to seal the parties' briefs. We deny Appellee's motion for summary affirmance as moot, and we deny Appellee's motion to seal his motion for summary affirmance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED