**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1205**

HUMAN RESOURCE CERTIFICATION INSTITUTE,

  Plaintiff – Appellant,

    v.

HUMAN RESOURCES PROFESSIONAL ASSOCIATION,

  Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:10-cv-00822-LO-JFA)

Submitted:  October 31, 2011          Decided:  November 16, 2011

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David J. Sensenig, GAVIN LAW OFFICES, PLC, Richmond, Virginia, for Appellant.  H. Scott Johnson, Jr., Angela H. France, PCT LAW GROUP, PLLC, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Human Resource Certification Institute ("HRCI") appeals the district court's order granting Defendant's motion to dismiss its civil action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. On appeal, HRCI argues that the district court erred in determining that it failed to make a prima facie showing of specific personal jurisdiction over the Defendant. HRCI also maintains that Fed. R. Civ. P. 4(k)(2) provides an alternative basis for jurisdiction. For the reasons that follow, we affirm the district court's judgment.

When personal jurisdiction is challenged under Rule 12(b)(2), the jurisdictional question is resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993). When the district court addresses the question of personal jurisdiction on the basis of the motion papers, legal memoranda, allegations in the complaint, and the jurisdictional discovery, the facts are to be viewed in the light most favorable to the plaintiff, and we determine de novo whether the plaintiff made a prima facie showing of personal jurisdiction. Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

To establish personal jurisdiction over a non-resident defendant through a state long-arm statute, a court must first determine that jurisdiction is authorized by state law; if so, the court must next decide whether exercising personal jurisdiction would be consistent with due process. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009). Virginia's long-arm statute extends personal jurisdiction to the limits allowed by the Due Process Clause. Id. Thus, our statutory inquiry merges with our constitutional inquiry. Id. A court's exercise of jurisdiction over a non-resident defendant comports with due process if the defendant has "minimum contacts" with the forum, such that to require the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

When a non-resident defendant's contacts with the forum state form the basis for the suit, they may establish "specific jurisdiction" in the forum state. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). In determining whether specific jurisdiction exists, the court considers (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's

claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. Id. After review of the record, we agree with the district court that HRCI failed to make the requisite prima facie showing of specific personal jurisdiction.

We also conclude that HRCI fails to show that the Defendant is subject to jurisdiction under Fed. R. Civ. P. 4(k)(2). "Rule 4(k)(2) is in essence a federal long-arm statute." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 275 (4th Cir. 2005). For jurisdiction to exist under the rule, three requirements must be met: first, the suit must arise under federal law; second, the defendant must not be subject to personal jurisdiction in any state; and third, the defendant must have contacts with the United States consistent with the Constitution and laws of the United States. Id. With respect to the third prong, the relevant question is whether the defendant's "contacts with the United States as a whole support the exercise of jurisdiction consistent with the Constitution and laws of the United States." Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 215 (4th Cir. 2002). In other words, the defendant must have contacts with the United States as a whole sufficient to satisfy the standards for either specific jurisdiction or general jurisdiction. Saudi, 427 F.3d at 275-76. After reviewing the

record as a whole, we conclude that HRCI cannot meet the third prong of this test because the record does not support the conclusion that the Defendant purposefully availed itself of the privilege of conducting activities in the United States.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED