GULF INSURANCE COMPANY,
Plaintiff–Appellant,

v.

David GLASBRENNER and Susan
Glasbrenner, Defendants–
Appellees,

The Caldor Corporation f/k/a
Caldor, Inc., Defendant.

Docket No. 04–0070–cv.

United States Court of Appeals,
Second Circuit.

Argued March 10, 2005.

Decided Aug. 2, 2005.

Francis LoBosco, New York, N.Y. (Jason Liam Schmolze, Taylor, Colicchio & Silverman, New York, NY, of counsel), for Appellant.

John N. Ellison, New York, N.Y. (Anderson, Kill & Olick, New York, NY, of counsel), for Appellees.

Before: MESKILL, JACOBS and STRAUB, Circuit Judges.

MESKILL, Circuit Judge.

In 1990, Congress amended the statute that dictates where venue lies in federal civil suits, 28 U.S.C. § 1391. Although those amendments are not particularly complicated, they are significant and we have previously addressed them only briefly. We do so at length now, and conclude that venue may properly lie in *any* judicial district in which significant events or omissions material to the plaintiff's claim have occurred. Because the United States District Court for the Southern District of New York, Stanton, *J.*—which dismissed this suit for improper venue—seemingly misapplied this standard, we vacate and remand.

## I.

The history of this case—spanning eleven years and involving four separate civil actions as well as one non-binding arbitration—is tortuous, but the details are ultimately irrelevant to the appeal before us. We recapitulate only the important facts.

In April 1994, Susan Glasbrenner was injured in a Caldor store in New Jersey. She and her husband David (the appellants here) sued Caldor in New Jersey state court in February of the following year. But by that time, Caldor had filed for bankruptcy and the Glasbrenners' suit was stayed pending proceedings before the bankruptcy court in the Southern District of New York. The bankruptcy court required the Glasbrenners to arbitrate their claim, but ultimately permitted the New Jersey state suit to proceed. The bankruptcy court imposed one caveat, however: any judgment against Caldor could not be held against the bankrupt estate, but would instead have to be satisfied by Caldor's insurers, which included Gulf Insurance Co.

In April 2003, nine years after the injury, a New Jersey jury returned a verdict of approximately $2.6 million for the Glasbrenners. By then, Caldor's bankruptcy proceedings were long over, the bankrupt-

cy court having ordered Caldor to wind down in late 2001.

Once the jury returned its verdict against Caldor, Gulf immediately filed this suit in the Southern District of New York seeking a declaration that, under the terms of the applicable insurance policy, it is not liable to pay the New Jersey judgment. The Glasbrenners promptly moved to dismiss the suit for improper venue, among other things, arguing that venue lies in New Jersey. Simultaneously, they filed a suit in New Jersey state court—since removed to federal court in the District of New Jersey—seeking to compel Gulf to pay the judgment.

The district court in New York dismissed Gulf's declaratory judgment action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and this appeal followed. We understand that the New Jersey enforcement action has been stayed pending the outcome of this appeal.

## II.

■ First, we consider the applicable standard of review. Gulf argues that our review should be *de novo* (as it is in reviewing criminal venue determinations, *see, e.g., United States v. Geibel*, 369 F.3d 682, 695 (2d Cir.2004)). The Glasbrenners advocate abuse of discretion.

We have not previously addressed this question, *see U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 241 F.3d 135, 153 (2d Cir.2001), although other circuits have. Those circuits typically treat venue determinations in the same way that they treat personal jurisdiction decisions, reviewing the ultimate question *de novo* and accepting any factual findings unless clearly erroneous. *See, e.g., Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir.2004); *Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 528 n. 2 (9th Cir. 1988). *But see Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445

(7th Cir.1993) (recognizing application of abuse of discretion standard); *Home Ins. Co. v. Thomas Indus.*, 896 F.2d 1352, 1355 (11th Cir.1990) (applying abuse of discretion standard).

■ We agree that a motion to dismiss for improper venue under Rule 12(b)(3) raises a quintessential legal question—where is venue proper?—even to the extent that it may be fact-specific. Accordingly, we will apply the same standard of review in Rule 12(b)(3) dismissals for improper venue as we do in Rule 12(b)(2) dismissals for lack of personal jurisdiction:

> If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of [venue]. But if the court holds an evidentiary hearing ... the plaintiff must demonstrate [venue] by a preponderance of the evidence. On appeal, we review *de novo* the legal question of whether a *prima facie* case has been established. After a hearing, where findings are made by the trial court, those findings may be set aside on appeal only when clearly erroneous.

*CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir.1986) (citations omitted); *see also Sunward Elecs. v. McDonald*, 362 F.3d 17, 22 (2d Cir.2004). Here, there has been no substantial disagreement about the facts relevant to venue. Our review is therefore *de novo*.

## III.

We turn now to the civil venue statute itself. *See* 28 U.S.C. § 1391. It provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giv-

ing rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).[1] Caldor was a Delaware corporation doing business out of Connecticut. The Glasbrenners reside in Pennsylvania. The defendants thus reside in different states, and subsection (1) does not apply. And because the parties concede that the action could have been brought in New Jersey—indeed, the Glasbrenners' New Jersey enforcement action is nothing but the mirror-image of this declaratory judgment action—subsection (3) does not apply. Thus, our question is whether the Southern District of New York is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.*

### A.

Prior to its amendment in 1990, however, the civil venue statute required a different inquiry. It provided that "a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in *the* judicial district ... *in which the claim arose.*" 28 U.S.C. § 1391(b) (1989) (emphasis added). *See generally* Colleen McMahon, *Venue, in Federal Civil Practice* 61, 67–68 (Georgene M. Vairo ed., 1989). The emphasized language left considerable doubt as to whether, under this provision, venue could plausibly lie in more than one jurisdiction, *see, e.g., Cheeseman v. Carey,* 485 F.Supp. 203,

210–11 (S.D.N.Y.1980), although the Supreme Court supposed that it could, at least in an "unusual case," *Leroy v. Great Western United Corp.,* 443 U.S. 173, 185, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).

In any event, in 1990 Congress revamped the venue statute and enacted the current language, which is clearer. *See* Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 311, 104 Stat. 5089 (1990); *see also* Report of the House Committee on the Judiciary, H.R.Rep. No. 101–734 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6869 (expressing the view that the former statute's reference to the district "in which the claim arose" was "litigation breeding," because it failed to address the situation "in which substantial parts of the underlying events have occurred in several districts"). By laying venue in "a"—not "the"—"judicial district in which a *substantial part* of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2) (emphasis added), Congress removed much of the ambiguity of the former statute. The new language contemplates that venue can be appropriate in more than one district.

 We thus join several other circuits in holding that the civil venue statute permits venue in multiple judicial districts as long as "a substantial part" of the underlying events took place in those districts, a conclusion that we alluded to in *Bates v. C & S Adjusters,* 980 F.2d 865, 867 (2d Cir. 1992) (holding that the revised statute "does not, as a general matter, require the District Court to determine the best venue"). *See, e.g., Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir.2003);

---

1. In fact, there is a separate—although for our purposes identical—venue provision for cases arising only under diversity jurisdiction. *Compare* 28 U.S.C. § 1391(a) (pertaining to cases "wherein jurisdiction is founded only on diversity"), *with id.* § 1391(b) (for cases "not founded solely on diversity"). Although the district court applied the venue statute for

diversity cases, we use the non-diversity provision because Gulf's suit purports to arise under our federal question and bankruptcy jurisdictions as well—even though we have doubts as to whether Gulf's complaint is correct to do so. In any event, as noted, the distinction makes no difference to our analysis or resolution of this appeal.

*Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir.2001); *First of Mich. Corp. v. Bramlet,* 141 F.3d 260, 263 (6th Cir.1998); *Setco Enters. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir.1994).

██ In doing so, however, we caution district courts to take seriously the adjective "substantial." We are required to construe the venue statute strictly. *See Olberding v. Illinois Cent. R.R.,* 346 U.S. 338, 340, 74 S.Ct. 83, 98 L.Ed. 39 (1953). That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's "substantial part" test as mirroring the minimum contacts test employed in personal jurisdiction inquiries. *See Jenkins Brick,* 321 F.3d at 1372; *Cottman Transmission Sys. v. Martino,* 36 F.3d 291, 294 (3d Cir.1994); *cf. United States ex rel. Rudick v. Laird,* 412 F.2d 16, 20 (2d Cir.1969) ("The concepts of personal jurisdiction and venue are closely related but nonetheless distinct.").

### B.

██ Against this background, we examine the events underlying Gulf's claims. But first, it is important to appreciate the nature of those claims. At its core, Gulf's suit sounds in contract. Gulf seeks a declaration that it is not liable for the personal injury judgment against Caldor and in favor of the Glasbrenners, principally because Gulf was not timely notified of the Glasbrenners' claims. Indeed, at oral argument, the Glasbrenners conceded that "this dispute is about *whether an insurance contract applies* to provide coverage for a judgment and ... an injury that occurred in the state of New Jersey."

(Emphasis added). The essence of the suit, therefore, is whether the defendants below (both Caldor and the Glasbrenners) were in breach of or complied with that insurance contract.

The next, and last, question is whether significant events material to those claims occurred in the Southern District of New York. The answer is "probably." Courts making venue determinations in contract disputes have looked to such factors as " 'where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.' " *Matera v. Native Eyewear,* 355 F.Supp.2d 680, 686 (E.D.N.Y.2005) (quoting *PI, Inc. v. Quality Prods.,* 907 F.Supp. 752, 757–58 (S.D.N.Y.1995)).

Gulf's complaint alleges that the insurance policy "was submitted, approved and issued by Gulf in the State of New York." We believe that the submission, approval, and issuance of the policy constituted a "substantial part of the events" underlying Gulf's claims, at least in combination with one other important (and undisputed) fact: that the Glasbrenners requested and received a lift of the automatic stay from the bankruptcy court in the Southern District of New York that specifically authorized them to file their suit in New Jersey, and which in turn influenced the form of the state court judgment.[2]

However, Gulf's allegations are not enough: New York State encompasses four judicial districts, but the complaint does not specify in which one the policy was issued. At oral argument, Gulf's counsel indicated that the policy was "negotiated, approved, and executed" at Gulf's headquarters, which the complaint places squarely within the Southern District. But neither the complaint nor the policy itself (incorporated by reference into the

---

**2.** We therefore explicitly decline to decide, because that question is not before us, whether the negotiation and issuance of a contract in a given judicial district, standing alone, is sufficient to lay venue in that district.

complaint) unambiguously lays venue in the Southern District. Nevertheless, if Gulf can prove these facts, venue would be appropriate in the Southern District. We believe that Gulf should have the opportunity to do so.[3]

This is not to say that venue is not also appropriate in New Jersey. As the district court correctly observed, a number of relevant events occurred in New Jersey—the original injury, the trial, and the underlying judgment that Gulf is seeking to avoid all happened in New Jersey. This does not mean, as the district court concluded, that "no substantial part of the events giving rise to the present claim occurred in New York." Rather, substantial events giving rise to the claim occurred in *both* the Southern District of New York (assuming Gulf can produce the necessary documentation) and the District of New Jersey, and venue was proper in either district.[4] That being so, because Gulf chose to file suit in the Southern District of New York, the Glasbrenner's Rule 12(b)(3) motion should have been rejected.

## IV.

For the reasons just supplied, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. Specifically, the district court should permit Gulf to submit evidence that the policy was submitted, approved, or issued in the Southern District of New York. Whether these documents actually do so, of course, is for the district court to decide.

---

3. We would not ordinarily give Gulf a second chance to submit evidence of key facts. In this case, however, the Glasbrenners have not seriously disputed that the policy originated in the Southern District of New York, and the complaint's reference to New York State rather than to the Southern District seems to us to have been an inadvertence. Because to do so will not prejudice the Glasbrenners and will permit an accurate venue ruling, we will allow Gulf to submit new evidence to the district court.

Moreover, Gulf's counsel indicated that he is in possession of a document—a letter associated with the policy—unambiguously attesting that the policy was negotiated, approved, and issued in the Southern District (although he conceded that it was not part of the record). Gulf's proof that venue is proper should therefore not require extensive discovery.

4. Because we hold, contingent on the persuasiveness of Gulf's evidence, that venue was proper in the Southern District under the general civil venue statute, we decline to address Gulf's alternative argument under the bankruptcy-related venue statutes, 28 U.S.C. §§ 1408 (for cases brought "under Title 11"), 1409 (for cases "arising under title 11 or arising in or related to a case under title 11"). Were we to consider those arguments, we would likely reject them for substantially the reasons given by the district court. Likewise, we have considered Gulf's other remaining arguments and find each of them to be without merit.