SUMMARY ORDER
Plaintiff-appellant Gulf Insurance Company appeals from (1) the entry of judgment following the District Court’s dismissal of its Complaint in an action for a declaratory judgment, see Gulf Ins. Co. v. Caldor Corp., No. 03 Civ. 2894, 2006 WL 1586571 (S.D.N.Y. June 9, 2006) (Louis L. Stanton, Judge)-, and (2) the entry of judgment following the District Court’s dismissal of its appeal from the Bankruptcy Court’s order dismissing its adversary proceeding and denying its motion to enforce an Alternative Dispute Resolution (“ADR”) award, see Gulf Ins. Co. v. Glasbrenner, 343 B.R. 47 (S.D.N.Y.2006) (Richard J. Holwell, Judge). We assume the parties’ familiarity with the underlying facts, the long and complex procedural history, and the issues on appeal.
We review de novo a district court’s dismissal of a complaint for lack of jurisdiction. See, e.g., United States v. Svoboda, 347 F.3d 471, 482 (2d Cir.2003). We review a district court’s review of a decision of a bankruptcy court “independently, accepting [the Bankruptcy Court’s] factual findings unless clearly erroneous but reviewing [the Bankruptcy Court’s] conclusions of law de novo.” In re Enron Corp., 419 F.3d 115, 124 (2d Cir.2005) (internal quotation marks omitted).
On appeal of the judgment in the declaratory judgment action, Gulf raises several challenges to Judge Stanton’s order: (1) the order conflicts with our previous ruling on venue in this case, see Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353 (2d Cir.2005); (2) the order conflicts with Judge Holwell’s order dismissing Gulfs adversary proceeding and denying its motion to enforce the ADR award, see Glasbrenner, 343 B.R. at 47; (3) the Glasbrenners consented to the District Court’s exercise of personal jurisdiction and waived any challenge to personal jurisdiction; and (4) the District Court has personal jurisdiction under the minimum contacts analysis or, alternatively, under New York’s long-arm statute and the Due Process Clause. We find these arguments to be without merit. We conclude that the District Court did not err in dismissing Gulfs declaratory judgment action for lack of personal jurisdiction substantially for the reasons stated in the District Court’s Opinion and Order. Gulf Ins., 2006 WL 1586571, at *13-7.
On appeal from the District Court’s entry of judgment following the dismissal of its adversary proceeding and the denial of its motion to enforce the ADR award, Gulf argues that (1) the District Court erred in dismissing its adversary complaint where its remaining claims establish jurisdiction independent of its claims regarding the *92 untimeliness of the Glasbrenners’ notice of intent to litigate; and (2) the Bankruptcy Court erred in concluding that the Glasbrenners had timely filed their notice of intent. We reject those arguments for reasons similar to those expressed by the District Court, see Glasbrenner, 348 B.R. at 47, and we conclude that the District Court did not err in dismissing the adversary complaint and denying the motion to enforce the ADR award.
Upon review of the record, the arguments presented, and the relevant law, we conclude that Gulfs remaining arguments are without merit.
The judgments of the District Court are AFFIRMED.