Blakely v. Lew

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                <u>Circuit Judges</u>,
         GREGORY H. WOODS,*
                <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - - - -X

JOHN KEITH BLAKELY, RHONDA L. BLAKELY, THE ESTATE OF JOHN E. LONG, THE ESTATE OF VIRGINIA E. LONG,
    <u>Plaintiffs-Appellants</u>,

    -v.-                      14-1238

JACOB E. LEW, Secretary of the U.S. Department of the Treasury, in his official capacity, JOHN KOSKINEN,

---

* Judge Gregory H. Woods, of the United States District Court for the Southern District of New York, sitting by designation.

**Commissioner of the Internal Revenue Service, in his official capacity, Defendants-Appellees.**[**]

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:             JEFFREY M. BLUM, New York, New York.

FOR APPELLEES:             BENJAMIN H. TORRANCE (with Christine Irvin Phillips, on the brief), for Preet Bharara, U.S. Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

John Keith Blakely, Rhonda L. Blakely, the estate of John E. Long, and the estate of Virginia E. Long appeal from the judgment of the United States District Court for the Southern District of New York (Furman, J.), granting the government defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal is a stage in appellants' extended litigation to recoup property they forfeited to the government in a consent judgment that stemmed from a criminal conviction. Appellants brought this suit in the Southern District of New York after multiple adverse rulings in the Eastern District of Michigan regarding their right to recover their forfeited property. See, e.g., Blakely v. United States, 276 F.3d 853 (6th Cir. 2002); United States v. 6185 Brandywine Drive, 66 F. App'x 617 (6th Cir. 2003); United States v. 6185 Brandywine Drive, No. 92-40157, 2007 WL 2049887 (E.D. Mich. July 17, 2007). The instant action involves the same underlying claims and issue as the

---

[**] The Clerk of Court is directed to amend the case caption as above.

previous lawsuits, turns on the same facts, and ultimately requests the same relief: recoupment from the Internal Revenue Service ("IRS") of the value of appellants' forfeited property. However, the only issue in this appeal is whether venue is proper in the Southern District of New York. We conclude that it is not.

Because the district court held no factual hearings with respect to venue, this Court considers de novo whether appellants set out a prima facie case for venue. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005).

The relevant venue statute provides:

> A civil action in which a defendant is an officer or employee of the United States . . . acting in his official capacity . . . may . . . be brought in any judicial district in which . . . (B) a substantial part of the events or omissions giving rise to the claim occurred . . . .

28 U.S.C. § 1391(e)(1). To ascertain whether venue is proper under 28 U.S.C. § 1391(b)(2), "a court should identify . . . the acts or omissions that the plaintiff alleges give rise to [the] claims," and then "determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005). Because the proffered grounds for venue in this case are so insubstantial, we need not decide whether the venue provision before us today, which falls under the Mandamus and Venue Act, 28 U.S.C. § 1391(e), should be analyzed differently from the general venue provision, 28 U.S.C. § 1391(b), which was before the Daniel and Gulf Insurance Co. Courts. In performing this analysis, courts must "take seriously the adjective 'substantial'" and "construe the venue statute strictly." Gulf Ins. Co., 417 F.3d at 357. "That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question." Id.

Appellants proffer two grounds for venue in the Southern District of New York: when the IRS refused to consider appellants' forfeited property as a tax payment, it communicated that refusal to appellants' lawyer while he was located in the Southern District; and their lawyer prepared

3

their tax refund claims from his office in the Southern District. These de minimis acts within the Southern District cannot satisfy this Court's "substantiality" requirement for venue. See Daniel, 428 F.3d at 432-33. Simply put, such acts are not "*significant* events . . . *material* to the plaintiff's claim," and a contrary finding would not "construe the venue statute strictly." Gulf Ins. Co., 417 F.3d at 357. The significant events that are material to this controversy include the execution of the consent judgment, appellants' forfeiture of their property, and the government's refusal to credit the forfeited property as a tax payment. None took place within the Southern District of New York. Therefore, venue is improper.

Appellants' theory would locate venue wherever plaintiffs retain a lawyer, which would make meaningless the obligation to "take seriously the adjective 'substantial.'" Id. This Court has held, in the context of 28 U.S.C. § 1391(b), that a plaintiff's "employ[ment of] a New York law firm," along with other connections to New York, "fail[ed] to establish that a substantial part of the events or omissions giving rise to the claim took place in New York." Friedman v. Revenue Mgmt. of N.Y., Inc., 38 F.3d 668, 672 (2d Cir. 1994) (internal quotation marks omitted).

There is no merit in appellants' claim that the district court abused discretion when it refused to transfer their case to the District of Columbia. A district court is required to transfer a case only "if it be in the interest of justice." 28 U.S.C. § 1406(a). The district court's decision whether to dismiss or transfer a case "lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). Given appellants' unsuccessful history of litigation in the Eastern District of Michigan, the district court did not abuse its discretion by dismissing the case after concluding that appellants' attempt to bring their case in the Southern District of New York constituted impermissible forum shopping. See Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 395 (2d Cir. 1992) (affirming refusal to transfer venue when "plaintiffs' attempt to transfer the case was, in some respect, forum shopping").

Finally, the district court did not abuse discretion in denying appellants' motion for reconsideration. Under the district court's local rule providing for such a motion,

"[t]o be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (internal quotation marks omitted).  Appellants' motion appears to rely solely on arguments previously rejected by the district court.

For the foregoing reasons, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.  The motion to take judicial notice of an article from the New York Times is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK