14-3968
*Wang v. Tavernier*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
ROSEMARY S. POOLER,
DENNY CHIN,
*Circuit Judges.*

_____

Fen Wang,

     *Plaintiff-Appellant*,

     v.                             No. 14-3968-cv

Dean B. Tavernier,

     *Defendant-Appellee*.

_____

For Plaintiff-Appellant:                     Fen Wang, pro se, Flushing, New York.

For Defendant-Appellee:                   Dean B. Tavernier, pro se, Michigan City, Indiana.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Fen Wang, proceeding pro se, appeals the district court's dismissal for improper venue of her action under section 213A of the Immigration and Nationality Act, 8 U.S.C. § 1183a, seeking to enforce an affidavit of support executed by her former husband and immigration sponsor, Defendant-Appellee Dean Tavernier. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint for improper venue. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). "[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.* at 357. The district court correctly ruled that venue was improper in the Southern District of New York because (1) Tavernier was at all relevant times a citizen and resident of Indiana; (2) the events that gave rise to this suit all occurred in Indiana; and (3) Wang did not argue that no other jurisdiction existed in which this action could be brought. *See id.* at 355–57; 28 U.S.C. § 1391(b). Wang's arguments about Tavernier's being subject to personal jurisdiction are therefore not relevant. Wang may re-file her suit in the proper venue in Indiana.

We have considered all of Wang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2