ANN M. DONNELLY, District Judge.
The pro se plaintiff, Feng Chen, brings this Mandamus action on behalf of her husband, Jiang Jinghon, against Jeff Sessions, Attorney General of the United States, Mike Pompeo, Secretary of State, and L. Francis Cissna, Director of U.S. Citizenship and Immigration Services.[1] The plaintiff filed her complaint on August 15, 2017, and the defendants, represented by counsel from the United States Attorney's Office for the Eastern District of New York, moved to dismiss the complaint.
*334 For the reasons that follow, I grant the defendants' motion and dismiss this action.[2]
BACKGROUND
Feng Chen, a permanent U.S. resident, filed his action on behalf of her husband, Jiang Jinghon, who was deported from the U.S. to China in July of 2011. (ECF No. 1 at ¶ 17.) Jinghon then applied for a visa, and on June 30, 2016, the National Visa Center sent him a notice scheduling an interview for him at the U.S. Consulate in Guangzhou, China, on August 9, 2016. (ECF No. 1 at ¶ 22, Ex. G.) On July 7, 2016, the plaintiffs' immigration attorney, Stephen Irwin, emailed the consulate to inquire whether Jinghon should attend his interview or wait for approval of his visa forms. (ECF No. 1 at Ex. H.) The consulate apparently did not respond to this email. (See ECF No. 1 at ¶ 34-35.) A few days later, on July 14, 2016, the plaintiff filed a Form I-601 waiver application and Form I-212 application to reapply for admission to the U.S. (ECF No. 1 at ¶¶ 20-21.) Jinghon allegedly believed that he needed to wait for his visa forms to be approved, and he did not attend his August 9 interview. (ECF No. 1 at ¶¶ 24, 35.) The following year, on July 10, 2017, the consulate sent the plaintiffs' attorney a notice of termination, which stated that Jinghon's visa application was cancelled, but could be reinstated if he could establish that his "failure to pursue" his visa was due to "circumstances beyond [his] control." (ECF No. 1 at Ex. I.)
On August 3, 2017, the U.S. Citizenship and Immigration Services ("USCIS") requested additional information from Jinghon in connection with the I-601 and I-212 visa applications he submitted. (ECF No. 1 at Ex. K.) On April 15, 2017, the plaintiffs filed this complaint, alleging that the defendants failed to "extend or hold off on the visa interview to give time for USCIS to adjudicate both forms 601 waiver and 212," and asking the Court to compel the defendants to "adjudicate the forms" and set a new interview date. (ECF No. 1 at ¶ 38, p. 6.)
According to USCIS materials submitted by the defendants, on September 12, 2017, Jinghon had his visa interview at the consulate in China; his visa was denied because of missing documents. (ECF No. 9-5). On December 14, 2017, USCIS denied Jinghon's Form I-601 and I-212 applications.[3] (ECF Nos. 9-5, 9-6.)
DISCUSSION
In evaluating a motion to dismiss, the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.
*335 Town of Babylon v. Fed. Hous. Fin. Agency , 699 F.3d 221, 227 (2d Cir. 2012). However, an action will only survive if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing Twombly , 550 U.S. at 556, 127 S.Ct. 1955 ). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal , 556 U.S. at 678, 129 S.Ct. 1937 (citing Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ). As the plaintiffs are pro se , I construe their submissions liberally, Erikson v. Pardus , 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and interpret their complaint and attached documents to "raise the strongest arguments they suggest." Graham v. Henderson , 89 F.3d 75, 79 (2d Cir. 1996). "However, pro se status does not exempt a party from compliance with relevant rules of procedure and substantive law." Pierre-Louis , No. 12-cv-2240-NGG-LB, 2014 WL 4161960, at *2 (quoting Boddie v. N.Y. State Div. of Parole , 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) ) (internal quotation marks and citations omitted).
The defendants assert that the venue is improper, and that the claims are in any event moot. (ECF No. 9-7 at 8.)
A. Improper Venue
The defendants argue that the Eastern District of New York is not the proper venue, because none of the plaintiffs or defendants reside in New York, and none of the events giving rise to this action occurred in New York.
28 U.S.C. § 1391(e)(1) provides in relevant part that venue is proper in (1) "a judicial district in which any defendant resides," (2) where a "substantial part of the events or omissions giving rise to the claim occurred," or (3) where "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). "The decision whether to dismiss an action for improper venue is committed to the Court's sound discretion," Fisher v. International Student Exchange, Inc. , 38 F.Supp.3d 276, 284 (E.D.N.Y. 2014) (citing Cold Spring Harbor Lab. v. Ropes & Gray LLP , 762 F.Supp.2d 543, 551 (E.D.N.Y. 2011), and the court "must view all facts in the light most favorable to the plaintiff." Id. (internal quotation marks omitted).
Where a defendant moves to dismiss a complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of showing that venue in the district is proper, but, unless there is an evidentiary hearing, the plaintiff need only make a prima facie showing of proper venue based on the pleadings. See Fisher , 38 F.Supp.3d at 284 ; Zaltz v. JDATE , 952 F.Supp.2d 439, 447 (E.D.N.Y. 2013).
The plaintiffs' complaint includes two allegations to support venue in this district: (1) that the plaintiffs' address is Flushing, New York and (2) that the defendants "conduct business" in this district. (ECF No. 1 at ¶ 11.) As discussed below, these allegations do not sustain the plaintiffs' burden.
Although the plaintiffs list a Flushing, New York address, that address appears to be the office of the plaintiffs' immigration lawyer, Stephen B. Irwin; the attachments to the complaint indicate that "Just Law Associates"-which is where counsel works-is located at the address. (See, e.g. , ECF No. 1 at Ex. H, Ex. I, Ex. F.) Moreover, at least one of the attachments show that Feng Chen lives in Fort Worth, Texas. (ECF No. 1 at Ex. C.) The *336 plaintiffs do not submit any evidence to the contrary. Because neither the defendants nor the plaintiffs reside there, the attorney's office location cannot support venue in this district unless a substantial part of the events or omissions giving rise to this claim occurred there. 28 U.S.C. § 1391(e)(1). "Substantiality for venue purposes is a more qualitative than quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." Daniel v. American Bd. of Emergency Medicine , 428 F.3d 408, 432-33 (2d Cir. 2005) ; Cold Spring Harbor Laboratory , 762 F.Supp.2d at 553. Moreover, "[w]here there are some acts that took place within the plaintiff's chosen forum, they are properly deemed significant if they have a close nexus to the claim." Fedele v. Harris , 18 F.Supp.3d 309, 317 (E.D.N.Y. 2014) (quoting Daniel , 428 F.3d at 433 ) (internal quotation marks omitted). "Only the events that directly give rise to a claim are relevant." Fedele , 18 F.Supp.3d at 317 (quoting Jenkins Brick Co. v. Bremer , 321 F.3d 1366, 1371 (11th Cir. 2003) (internal quotation marks omitted). Although it appears that the defendants sent some Jinghon's visa materials to his attorney's office, and that his attorney communicated with the U.S. Consulate in China in connection with this matter, the events giving rise to this mandamus action-the defendants' alleged failure to "adjudicate" his I-601 and I-212 visa applications, and the defendants' failure to reschedule or "hold off" on his visa interview-happened outside this district.[4] (ECF No. 1 at ¶ 38); see also Fedele , 18 F.Supp.3d at 317 ("[T]he Second Circuit has cautioned district courts to take seriously the adjective 'substantial' and thus for venue to be proper, significant events or omission material to the plaintiff's claim must have occurred in the district in question.") (quoting Gulf. Ins. Co. v. Glasbrenner , 417 F.3d 353, 357 (2d Cir.) (alternation in the original) (internal quotation marks omitted). Consequently, the attorney's office location does not support venue in this district.
The plaintiffs also allege that venue is proper because the defendants "conduct business" in this district. (ECF No. 1 at ¶ 11.) For venue purposes, a federal official resides "where his or her official duties are performed." See Caremark Therapeutic Services v. Leavitt , 405 F.Supp.2d 454, 464 (S.D.N.Y. 2005) (citing Reuben H. Donnelley Corp. v. F.T.C. , 580 F.2d 264, 266 n. 3 (7th Cir. 1978) ("[t]o hold that a federal agency can be sued ... wherever it maintains an office would, as a practical matter, render [ § 1391(e)'s other subsections] superfluous") ); Farmer v. Federal Bureau of Prisons , No. 13-cv-1255-DLI-CLP, 2015 WL 1439871, at *8 (E.D.N.Y. Mar. 27, 2015) (residence of a public official is the place where his office is maintained) (internal citations omitted). The defendants' office is in the District of Columbia.
Although venue here is improper, 28 U.S.C. § 1406 provides that a case may be transferred "in the interest of justice," to the forum district where the action could have been brought (in this instance, the Northern District of Texas or the District of Columbia); however, given that I conclude that this action is moot, I decline to do so.
B. The Claims are Moot
"A case becomes moot and therefore no longer a 'Case' or 'Controversy' for purposes of Article III-when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome."
*337 Already, LLC v. Nike, Inc. , 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (quoting Murphy v. Hunt , 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (internal quotation marks omitted). "If a controversy is moot, then the [c]ourt lacks subject matter jurisdiction over the action," and must dismiss the case. ABN Amro Verzekeringen BV v. Geologistics Americas, Inc. , No. 01-cv-5661-DC, 2005 WL 774281, at *1 (S.D.N.Y. Apr. 5, 2005) (citing Church of Scientology v. U.S. , 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) ).
The plaintiffs ask that I compel the defendants to "adjudicate Plaintiff's forms 601 and 212 and to set a new interview date." (ECF No. 1 at 6.) The defendants submit USCIS visa documents that demonstrate that the plaintiffs have received what they seek.[5] On September 12, 2017, Jinghon had his visa application interview at the U.S. Consulate in China, and on December 14, 2017, the defendants adjudicated, albeit unfavorably, his I-601 and I-212 applications. (ECF Nos. 9-5, 9-6.)[6] Because there are no live claims to adjudicate, I dismiss this action as moot. See also Khanom v. Kerry , 37 F.Supp.3d 567, 573-74 (E.D.N.Y. 2014) (finding the plaintiff's mandamus claim moot in light of the USCIS action affirming approval of its petition).
CONCLUSION
For the foregoing reasons, I grant the defendants' motion, and dismiss the plaintiffs' claims with prejudice.
SO ORDERED.

The plaintiffs' complaint identifies Jeh Johnson as Secretary of State, and James McCament as acting Director of U.S. Citizenship and Immigration Services. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes those defendants out for the above listed defendants. Fed. R. Civ. P. 25(d).

The plaintiffs received Local Civil Rule 12.1 documents, notifying them of their obligation to respond to a motion to dismiss that refers to extrinsic materials, including the possibility that it may be converted into a motion for summary judgment, (ECF No. 9-1), but they did not submit a response. The defendants made two requests that the motion be considered fully briefed. (ECF Nos. 13, 14.) Because the plaintiffs are pro se , I gave them two more extensions to file an opposition. When the plaintiffs did not submit a response after the second extension, I cautioned them about the consequences of not responding. Because the plaintiffs were given three opportunities to respond, were cautioned by the Court, and sent proper notification documents, I treat the motion as fully briefed and unopposed. See Pierre-Louis v. Martinez , No. 12-cv-2240-NGG-LB, 2014 WL 4161960, at *1-2 (E.D.N.Y. 2014) (treating motion to dismiss as unopposed after the pro se plaintiff received Rule 12.1 documents and did not oppose the motion to dismiss after two time extensions).

Per USCIS's written I-601 and I-212 decisions, Jinghon was given 33 days to appeal the decision. (ECF Nos. 9-5, 9-6.)

Specifically, material acts or omissions giving rise to this action occurred at the consulate in China and USCIS locations in Missouri and Nebraska. (See Ex. 1 at C, E, I.)

I take judicial notice of the Form I-601 and I-212 decisions from USCIS submitted by the defendants. See Akran v. U.S. , 997 F.Supp.2d 197, 203 (E.D.N.Y. 2014) (citing Lia v. Saporito , 909 F.Supp.2d 149, 161 (E.D.N.Y. 2012).

The Court does not review the defendants' decision. See Khanom , 37 F.Supp.3d 567 at 573-74 (citing Wan Shih Hsieh v. Kiley , 569 F.2d 1179, 1181 (2d Cir 1978).