*The One Technologies, LLC v. Amazon.com, Inc. et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-one.

PRESENT:

SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

THE ONE TECHNOLOGIES, LLC,

*Plaintiff-Appellant*,

v.                                                        No. 20-2200

AMAZON.COM, INC., AMAZON.COM SERVICES, LLC,

*Defendants-Appellees.**

_____

FOR PLAINTIFF-APPELLANT:        M. BRADFORD RANDOLPH, ESQ.,
                                New York, NY.

FOR DEFENDANTS-APPELLEES:        NATHAN E. SHAFROTH (David Watnick,
                                *on the brief*), Covington & Burling LLP,
                                San Francisco, CA.

_____

* The Clerk of Court is directed to amend the caption as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 9, 2020, is **AFFIRMED in part** and **VACATED in part**.

The One Technologies, LLC, ("Plaintiff") sued Defendants-Appellees Amazon.com, Inc. ("Inc."), and Amazon.com Services, LLC ("Services"), alleging various violations of federal, state, and international law.[1] The District Court dismissed the amended complaint for want of personal jurisdiction over Inc., and for improper venue as to the claims against Services. In its dismissal order, the District Court also ruled on the merits that Plaintiff's claims were subject to an arbitration clause contained in the so-called Amazon Services Business Solutions Agreement ("BSA"), which Plaintiff signed as a condition to selling its product online, and therefore was subject to dismissal on that ground as well. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, and refer to them only as necessary to explain our decision.

We review *de novo* a district court's dismissal for lack of personal jurisdiction, for improper venue, or in favor of arbitration. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 61 (2d Cir. 2012). "Where, as here, a district court relies on the pleadings . . . , and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction over the defendant." *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008).[2] "In reviewing the dismissal, we construe the pleadings . . . in the light most favorable to plaintiffs, resolving all doubts in their favor." *Id.*

---

[1] Plaintiff's original complaint also named as defendants Jeffrey P. Bezos, CEO of Inc., as well as "Amazon.com Services, Inc." Plaintiff's amended complaint, filed February 11, 2020, deleted Bezos and swapped Amazon.com Services, LLC, for Amazon.com Services, Inc. The District Court treated that complaint as operative for purposes of the motion to dismiss, and the notice of appeal also identified just Services and Inc. as Defendants-Appellees. We therefore do so as well.

[2] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

As to Plaintiff's claims against Inc., the District Court properly dismissed the amended complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Plaintiff does not assert that Inc. is subject to general personal jurisdiction in New York, *see* N.Y. C.P.L.R. 301, and the allegations of Plaintiff's amended complaint, operative here, fail to satisfy New York's long-arm statute, a threshold requirement for establishing specific jurisdiction over an out-of-state defendant. *See Chloé v. Queen Bee of Beverly Hills*, 616 F.3d 158, 163-64 (2d Cir. 2010) ("First, we apply the forum state's long-arm statute. . . . If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution."). Although the amended complaint did not even attempt to articulate which of New York's long-arm provisions authorized the District Court's exercise of personal jurisdiction over Inc., Plaintiff's briefing on appeal and before the District Court appears to rely on N.Y. C.P.L.R. 302(a)(3), which generally provides for personal jurisdiction over certain defendants who "commit[] a tortious act without the state causing injury to person or property within the state."[3] But Plaintiff's amended complaint includes no allegation that Inc. committed a tortious act, let alone one that harmed Plaintiff in New York.

The amended complaint does assert that Services, a subsidiary of Inc., engaged in allegedly tortious conduct that caused injury to Plaintiff.[4] But while allegations regarding the actions of a corporate subsidiary may sometimes be attributed to a parent corporation to establish specific jurisdiction over the parent, attribution requires an agency relationship between the two entities. *See* N.Y. C.P.L.R. 302(a) (extending personal jurisdiction over the

---

[3] Specifically, N.Y. C.P.L.R. 302(a)(3) provides:

> [A] court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i)  regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]

[4] Services did not dispute that the District Court had personal jurisdiction over it.

"agent" of a non-domiciliary); *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 168-69 (2d Cir. 2015); *see also Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (discussing agency relationships and Fourteenth Amendment due process limitations in the context of specific personal jurisdiction). Plaintiff failed to allege sufficiently that Services' purportedly tortious conduct was carried out as an agent of Inc. This failure dooms Plaintiff's effort to establish jurisdiction over Inc. through Services pursuant to N.Y. C.P.L.R. 302. *See, e.g., Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 536 (1967).

As to Plaintiff's claims against Services, we affirm the District Court's dismissal for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Notably, Plaintiff's amended complaint asserted venue in the Southern District of New York based solely on 28 U.S.C. § 1391(b)(1). But Section 1391(b)(1) permits civil actions to be brought in "a judicial district in which any defendant resides, if *all defendants* are residents of the State in which the district is located." *Id.* (emphasis added). Here, given Plaintiff's failure to make a *prima facie* showing that Inc. is subject to personal jurisdiction in the State of New York for the purposes of this civil action, Plaintiff also failed to allege that Inc. is a resident of New York for the purposes of Section 1391. *See id.* § 1391(c)(2). As a result, venue over this action is clearly improper under Section 1391(b)(1), since Plaintiff has failed to allege that "all defendants" are residents of New York. *See Glasbrenner*, 417 F.3d at 355-56. The District Court thus committed no error in dismissing Plaintiff's amended complaint against Services for improper venue.[5]

On appeal, Plaintiff argues—for the first time—that venue nonetheless lies against Services because Services has offices in the Southern District and because it "sold [counterfeit] product[s] in this district" that caused harm to Plaintiff. Appellant's Br. 11-12. Such allegations might support a finding of proper venue in other contexts, *e.g.*, 28 U.S.C. § 1391(b)(2), but we need not consider them because Plaintiff waived such arguments when

---

[5] In its decision, the District Court did not address whether, pursuant to 28 U.S.C. § 1406(a), it should transfer this case to a district in which venue would be proper, and Plaintiff opposed the venue transfer motion filed by Defendants-Appellees. Because the possibility of venue transfer was not raised on appeal we do not discuss the issue further.

it failed to raise them before the District Court. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132-33 (2d Cir. 2008).

Although we affirm the District Court's judgment dismissing the amended complaint against Inc. for lack of personal jurisdiction and Services for improper venue, we vacate the District Court's alternative holding, which dismissed Plaintiff's amended complaint under Federal Rule 12(b)(6) in light of the BSA's arbitration clause.[6] Because the District Court had no jurisdiction over Inc. and because venue was improper as to Services, it "lack[ed] power to dismiss a complaint for failure to state a claim." *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (en banc); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."); Fed. R. Civ. P. 41(b) (specifically excluding dismissals for improper venue from those involuntary dismissals that may operate as adjudications on the merits).

* * *

---

[6] The District Court did not expressly indicate the specific subsection of Rule 12(b) under which it dismissed Plaintiff's amended complaint in light of the BSA's arbitration clause. It did, however, state that it was dismissing Plaintiff's amended complaint "on the merits," J. App'x 236, which we construe as a dismissal for failure to state a claim under Rule 12(b)(6). *Cf. Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (explaining that, in the absence of a clear indication by the defendant to compel arbitration, motions to dismiss on the grounds that claims are barred by an arbitration agreement are reviewed as motions to dismiss pursuant to Rule 12(b)(6)).

We have considered Plaintiff's remaining arguments and find in them no basis for reversal. For the foregoing reasons, that portion of the District Court's order dismissing the amended complaint for lack of personal jurisdiction and improper venue is **AFFIRMED**; and that portion dismissing the amended complaint on the merits in favor of arbitration is **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6