Cayuga Indian Nation of New York v. Seneca County, New York

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Argued: January 7, 2014      Decided: July 31, 2014)

Docket No. 12-3723

_____

CAYUGA INDIAN NATION OF NEW YORK,

*Plaintiff - Appellee,*

—v.—

SENECA COUNTY, NEW YORK,

*Defendant - Appellant.*

_____

B e f o r e:

KATZMANN, *Chief Judge,* JACOBS and CARNEY, *Circuit Judges.*

_____

Appeal from a district court order preliminarily enjoining Seneca County from foreclosing upon certain parcels of the Cayuga Indian Nation of New York's real property to satisfy unpaid *ad valorem* property taxes. We conclude, in light of recent Supreme Court guidance, that tribal sovereign immunity from suit bars the

County's proceedings against the Nation and therefore AFFIRM the order of the district court.

_____

PHILIP G. SPELLANE (Daniel J. Moore, James P. Nonkes, *on the brief*), Harris Beach PLLC, Pittsford, N.Y., *for Defendant-Appellant*.

DAVID W. DEBRUIN, Jenner & Block LLP, New York, N.Y. (Joshua M. Segal, Jenner & Block LLP, New York, N.Y., Daniel French, Lee Alcott, French-Alcott, PLLC, Syracuse, N.Y., *on the brief*), *for Plaintiff-Appellee.*

Andrew D. Bing, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, Eric T. Schneiderman, Attorney General, *for amicus curiae the State of New York.*

Elizabeth Ann Peterson, William B. Lazarus, Steven E. Miskinis, Attorneys, Robert G. Dreher, Acting Assistant Attorney General, United States Department of Justice, Environment and National Resources Division, *for amicus curiae the United States.*

_____

PER CURIAM:

We are called upon to review an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *District Judge*), which preliminarily enjoined defendant-appellant Seneca County, New York from

2

foreclosing upon certain real property owned by plaintiff-appellee the Cayuga

Indian Nation of New York ("Cayuga Nation").

Our standard of review of a district court's decision to grant or deny a

preliminary injunction is well established, as are the general requirements placed

upon a party seeking a preliminary injunction. *See Oneida Nation of N.Y. v. Cuomo*,

645 F.3d 154, 164 (2d Cir. 2011).  The only issue in dispute in this appeal is

whether the district court properly determined that the Cayuga Nation was likely

to succeed on the merits. We review the legal conclusions underlying the district

court's decision *de novo* and the district court's factual determinations for clear

error. *See id.*

Seneca County initiated foreclosure proceedings against certain of the

Cayuga Nation's real property in an attempt to recover uncollected *ad valorem*

property taxes. After invoking the doctrine of tribal sovereign immunity and our

vacated decision in *Oneida Indian Nation of N.Y. v. Madison County*, 605 F.3d 149

(2d Cir. 2010), *vacated*, 131 S. Ct. 704 (2011), the district court preliminarily

enjoined the County's foreclosure proceedings. Seneca County timely appealed

the district court's order, contending that we should limit the doctrine of tribal

3

immunity from suit so as to permit states to bring foreclosure suits to recover uncollected taxes levied against the property of Indian tribes.

Seneca County acknowledges that our opinion in *Madison County* squarely addressed the question presented here and held that tribal sovereign immunity from suit bars these foreclosure actions, *see* 605 F.3d at 156–60, but the County emphasizes that the Supreme Court's decision to vacate our opinion leaves this panel free from otherwise binding precedent and urges us to conclude that *Madison County* misconstrued Supreme Court precedent regarding the doctrine of tribal sovereign immunity. The State of New York, appearing as *amicus curiae*, further contends that the vacatur of our prior opinion casts substantial doubt on the correctness of the reasoning of *Madison County*.

We need not attempt to discern the implied message communicated by the vacatur of our prior opinion because the Supreme Court has since issued further guidance regarding both the continuing vitality of the doctrine of tribal sovereign immunity from suit and the propriety of drawing distinctions that might constrain the broad sweep of that immunity in the absence of express action by Congress. In *Michigan v. Bay Mills Indian Community*, 134 S. Ct. 2024 (2014), the

4

Supreme Court once again held that tribes retain, as "'a necessary corollary to Indian sovereignty and self-governance,'" a common-law immunity from suit. *Id.* at 2030 (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. World Eng'g, P.C.*, 476 U.S. 877, 890 (1986)). Under this "settled law," *id.* at 2030–31 (quoting *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 756 (1998)), courts must "dismiss[] any suit against a tribe absent congressional authorization (or a waiver)," *id.* at 2031. This treatment of tribal sovereign immunity from suit is an avowedly "broad principle," *id.* at 2031, and the Supreme Court (like this Court) has "thought it improper suddenly to start carving out exceptions" to that immunity, opting instead to "defer" to the plenary power of Congress to define and otherwise abrogate tribal sovereign immunity from suit, *id.* (quoting *Kiowa*, 523 U.S. at 758).

Therefore we decline, as has the Supreme Court, to read a "commercial activity" exception into the doctrine of tribal sovereign immunity from suit, *see id.*; *Kiowa*, 523 U.S. at 758, and we decline to draw the novel distinctions—such as a distinction between *in rem* and *in personam* proceedings—that Seneca County has urged us to adopt, *see Bay Mills*, 134 S. Ct. at 2031; *see also The Siren*, 74 U.S. 152,

5

154 (1868) ("[T]here is no distinction between suits against the government directly, and suits against its property.").

Notwithstanding Seneca County and the State of New York's vigorous argument, we read no implied abrogation of tribal sovereign immunity from suit into *City of Sherrill, N.Y. v. Oneida Indian Nation of N.Y.*, 544 U.S. 197 (2005), or *County of Yakima v. Confederated Tribes & Bands of the Yakima Indian Nation*, 502 U.S. 251 (1992). Such implied abrogation would be clearly at odds with the Supreme Court's solicitous treatment of the common-law tribal immunity *from suit*—as opposed to immunity from other, largely prescriptive, powers of the states such as the levying of taxes. *See Madison County*, 605 F.3d at 156–59. And implied abrogation would also run counter to the principle that we must "'defer' to Congress about whether to abrogate tribal [sovereign] immunity," *Bay Mills*, 134 S. Ct. at 2031 (quoting *Kiowa*, 523 U.S. at 758).

In short, in the absence of a waiver of immunity by the tribe, "[u]nless Congress has authorized [the] suit, . . . precedents demand," *id.* at 2032, that we

affirm the district court's injunction of the County's foreclosure proceedings against the Cayuga Nation's property.[1]

Accordingly, the order of the district court is **AFFIRMED**.

---

[1] Seneca County also contends that the Cayuga Nation has either waived sovereign immunity or should be otherwise estopped from asserting the defense based on the Nation's arguments before the New York Court of Appeals in *Cayuga Indian Nation of New York v. Gould*, 930 N.E.2d 233 (N.Y. 2010). *See* Br. of Defendant-Appellant at 30–32. "[T]o relinquish its immunity, a tribe's waiver must be 'clear,'" *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001) (quoting *Okla. Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509 (1991)), and thus it "'cannot be implied but must be unequivocally expressed,'" *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). None of the statements cited by the County represents an unequivocal expression by the Cayuga Nation that it has waived its immunity from suit with respect to the parcels in question.