*Kim v. Saccento*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-two.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*,
> COLLEEN MCMAHON,
> > *District Judge.*\*

---

KAEUN KIM,

> *Plaintiff-Appellant*,

v.                                                                          No. 21-2865

MICHAEL SACCENTO, JUDGE ALFONSE CIFELLI, JUDGE MYRA TARANTINO,

> *Defendants-Appellees*,

---

\* Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

Theodore Stephens, II, Acting Prosecutor, Joseph Giordano, Assistant Prosecutor, Mira Ohm, Assistant Prosecutor, John Strangfeld, Caroline Feeney,

          *Defendants.*†

_____

| | |
|---|---|
| FOR APPELLANT: | Kaeun Kim, pro se, New York, NY. |
| FOR APPELLEE SACCENTO: | Kirsten McCaw Grossman, Kerrie R. Heslin, Nukk-Freeman & Cerra, P.C., Chatham, NJ. |
| FOR APPELLEES CIFELLI AND TARANTINO: | Michael R. Sarno, Deputy Attorney General, *for* Matthew J. Platkin, Acting New Jersey Attorney General, Trenton, NJ. |

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Kaeun Kim, proceeding pro se, appeals from the district court's dismissal of his claims for wrongful arrest and malicious prosecution under 42 U.S.C. § 1983 against New Jersey state prosecutors (the "Prosecutor Defendants"), New Jersey state judges (the "Judiciary Defendants"), and employees and executives of his

---

† The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

former employer, Prudential Insurance Company of America ("Prudential") (the "Prudential Defendants"). In his pro se appellate briefs – "construed liberally and interpreted to raise the strongest arguments that they suggest," *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted) – Kim contends that the district court erred in: (1) finding venue to be improper in the Southern District of New York (the "SDNY"); (2) dismissing his action rather than transferring it to a district where proper venue would lie; (3) declining to sua sponte grant leave to amend his complaint; (4) granting nonparty Prudential's motion to quash Kim's subpoena seeking discovery; and (5) declining to initiate a criminal proceeding against the Defendants. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review de novo the district court's ruling on venue. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). When a case has been filed in an improper venue, it generally "lies within the sound discretion of the district court" to decide "[w]hether dismissal or transfer is appropriate." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). When the district court's exercise of this discretion is based on conclusions of law, however, "[w]e review the legal conclusions underlying the district court's decision de novo." *Cayuga Indian*

3

*Nation of N.Y. v. Seneca County*, 761 F.3d 218, 220 (2d Cir. 2014). We also review

de novo the district court's conclusion that a plaintiff failed to state a claim for

which relief can be granted. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020).

Finally, we review a district court's denial of leave to amend and grant of a motion

to quash a subpoena for abuse of discretion. *See Green v. Mattingly*, 585 F.3d 97,

104 (2d Cir. 2009); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010).

Kim first challenges the district court's ruling that venue was improper in

the SDNY. Suppl. App'x at 178. But because Kim raised this argument for the

first time in his reply brief, he has waived it. *See Moates v. Barkley*, 147 F.3d 207,

209 (2d Cir. 1998) ("Although pro se litigants are afforded some latitude in meeting

the rules governing litigation, pursuant to [Federal] Rule [of Appellate

Procedure] 28(a)[,] we need not, and normally will not, decide issues that a party

fails to raise in his [opening] appellate brief." (internal citations omitted)); *LoSacco

v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (deeming issue waived by

virtue of pro se appellant's failure to address it in his opening brief). Moreover,

even if we were to reach Kim's challenge to the district court's venue ruling on the

merits, it would still fail. Although Kim argues that "venue is proper" in the

SDNY because *he* – the *plaintiff* – now "is located in New York and a resident of

4

New York State," Reply Br. at 5, a plaintiff's residence is irrelevant to the venue inquiry, which instead turns on where the "*defendant[s]* reside[]" and where "the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2) (emphasis added). Here, the complaint clearly alleges that all the defendants reside in New Jersey and that all the events that gave rise to the alleged claims occurred there. The district court was therefore justified in finding a lack of venue in the SDNY.

Kim next challenges the district court's decision to dismiss his complaint rather than transfer it to the District of New Jersey, where venue might otherwise lie. But the district court correctly concluded that Kim could not bring a cognizable section 1983 claim against any of the defendants, which made dismissal appropriate. *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ("[T]he absolute immunity defense may be resolved as a matter of law on a motion to dismiss the complaint."); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323–25 (2d Cir. 2002) (affirming dismissal of section 1983 complaint against private entity for failure to establish state action).

As to the Judicial Defendants, it is well-settled law that "judges of [state] courts of superior or general jurisdiction are not liable to civil actions [seeking money damages] for their judicial acts, even when such acts are in excess of their

5

jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Instead, judges are subject to suit only for (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Here, the actions that Kim complains of – adverse decisions in a criminal proceeding – are plainly judicial in nature. *See Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts . . . related to[] individual cases before the judge are considered judicial in nature.") And Kim nowhere suggests that the Judiciary Defendants rendered those decisions "in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005). Thus, the district court properly concluded that the Judiciary Defendants were entitled to absolute immunity.

Prosecutors are similarly protected by absolute immunity with respect to their "prosecutorial functions," which extends to their "acti[ons] as advocates" and "conduct involv[ing] the exercise of discretion," such as "alleged misconduct" in "initiating a prosecution" or "in presenting the State's case." *Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011) (citing *Kalina v. Fletcher*, 522 U.S. 118, 125, 127 (1997); *Burns v. Reed,* 500 U.S. 478, 492 (1991); *Imbler v. Pachtman,* 424 U.S. 409, 431

6

(1976)). Here, all of the alleged misconduct that Kim attributes to the Prosecutor Defendants – in pursuing charges, opposing a discovery request, and seeking a restraining order in the context of plea negotiations – squarely "falls within the zone" of "prosecutorial functions" for which they are "absolutely immune." *Id.*

As for the Prudential Defendants, the district court properly concluded that Kim could not "state a claim for relief . . . under [section] 1983" because the Prudential Defendants cannot "fairly be said to be . . . state actor[s]" or to have "committed [a deprivation of his constitutional rights] *under color of state law.*" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (emphasis added). While "an otherwise private person" may "act[] 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights," Kim has not plausibly alleged that the Prudential Defendants were engaged in any such "conspiracy" here. *Tower v. Glover*, 467 U.S. 914, 920 (1984). To do so, he would have needed to plead "facts demonstrating that the [Prudential Defendants] acted in concert with the [Judiciary and Prosecutor Defendants] to commit an unconstitutional act," *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks omitted) – that is, "a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the

7

un[constitutional] end," *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks omitted). Kim's complaint alleged no such "meeting of the minds" or "agreement." *Id.* Instead, he relied solely on vague and unsubstantiated assertions of "conflict[s] of interest" stemming from the fact that some of the Judiciary and Prosecutor Defendants shared "the same Italian lineage as [some of] the Prudential [Defendants]" and that "Essex County prosecutors and courts" have historically received "donations and contributions" from Prudential. Suppl. App'x at 86. Such "speculative" and "[b]road allegations of conspiracy are insufficient," *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (citation omitted), to transform the Prudential Defendants' "merely private conduct" – reporting Kim's alleged criminal conduct to local law enforcement authorities – into state action for purposes of section 1983, *Am. Mfrs. Mut. Ins.*, 526 U.S. at 50.

Kim next argues that the district court erred by not granting him leave to amend his complaint. But there is nothing in the record to suggest that Kim ever *asked* the district court for leave to amend. The "contention that the [d]istrict [c]ourt abused its discretion in not permitting an amendment that was never requested is frivolous." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir.

8

2004); *see also Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) (holding same).

Kim also contends that the district court abused its discretion in quashing his subpoena seeking security-camera footage from Prudential's Newark, New Jersey headquarters.  But the district court did not quash Kim's subpoena until *after* it had already "dismissed [Kim's complaint] in its entirety."  Suppl. App'x at 179 & n.3.  That "rendered moot" all of Kim's pending discovery motions, *Weiss v. United States*, 199 F.2d 454, 455 (2d Cir. 1952); *see also Cooper v. Salomon Bros.*, 1 F.3d 82, 87 (2d Cir. 1993), including his underlying motion to *enforce* the subpoena that Prudential had moved to quash.   Since the district court did not err in dismissing Kim's complaint, it did not abuse its discretion by quashing a subpoena that had itself become moot.

Finally, Kim argues that the district court abused its discretion by declining to initiate a criminal proceeding against the Defendants.   This argument is nonsensical, since Kim, as "a private citizen[,] lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and it is "the Executive Branch" – not the courts – that "has

exclusive authority and absolute discretion to decide whether to prosecute a case,"

*United States v. Nixon*, 418 U.S. 683, 693 (1974).

We have considered all of Kim's arguments and find them to be without

merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court